**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4272**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

DAVID KENNY PAUL,

         Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:18-cr-00227-1)

Submitted: November 25, 2019                        Decided: December 13, 2019

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michelle Roman Fox, MICHELLE ROMAN FOX, ESQ., Hurricane, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Kenny Paul appeals his 46-month sentence imposed following his guilty plea to possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) (2012). Paul contends that the district court erred by (1) applying a two-level weapon enhancement to his Sentencing Guidelines calculation, and (2) denying his request for a downward variance under the "safety valve" provisions of 18 U.S.C. § 3553(f) (2012) and U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(18), 5C1.2(a) (2018).* We affirm.

For drug trafficking offenses, the Sentencing Guidelines provide for a two-level enhancement to a defendant's offense level when the defendant possessed a dangerous weapon in connection with the offense. USSG § 2D1.1(b)(1). We review the district court's application of the enhancement for clear error, "find[ing] clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Manigan*, 592 F.3d 621, 626, 631 (4th Cir. 2010) (brackets and internal quotation marks omitted).

---

* The First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, recently broadened the scope of eligibility for a safety valve reduction under 18 U.S.C. § 3553(f) (permitting sentence below statutory minimum when defendant meets eligibility requirements), from defendants with up to one criminal history point to, in certain circumstances, defendants with up to four criminal history points. Because Paul has three criminal history points and the related safety valve reduction under USSG §§ 2D1.1(b)(18) (permitting two-level reduction to base offense level when defendant meets eligibility requirements) has not yet been amended to reflect the change to 18 U.S.C. § 3553(f), he moved for a variance to receive the benefits of the two-level safety valve reduction rather than moving for the reduction itself. The district court granted Paul a downward variance based on his "overstated" criminal history but denied Paul's request for a further variance under the safety valve because of his possession of a firearm in connection with the drug trafficking offense.

The Government bears the initial burden of proving by a preponderance of the evidence that a weapon was possessed in connection with drug activities. *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017). "Although the Government need not prove precisely concurrent drug trafficking and weapon possession, it must at least prove a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.* (citation and internal quotation marks omitted). "If the Government satisfies this burden, the defendant may avoid the enhancement by showing that the weapon's link to his or her drug activities was clearly improbable." *Id.* (internal quotation marks omitted); *see* USSG § 2D1.1 cmt. n.11(A). "[A] sentencing court faced with whether to apply the weapon enhancement is entitled to take reasonable account of the settled connection between firearms and drug activities." *Manigan*, 592 F.3d at 629.

Here, while executing a search warrant for Paul's residence, officers discovered roughly 160 grams of heroin, some mixed with fentanyl, in a locked safe in Paul's upstairs bedroom; an unloaded handgun and digital scales in the downstairs kitchen; and various drug paraphernalia throughout the house. Considering the large quantity of drugs in the home and the fact that the firearm was a handgun, was easily accessible, and was found near drug paraphernalia, we conclude that the Government met its initial burden of establishing that Paul possessed the firearm in connection with drug activities and that Paul failed to show that the connection was clearly improbable. Accordingly, the district court did not clearly err in applying the enhancement.

Paul also contests the district court's rejection of his request for a variance under the safety valve provisions of 18 U.S.C. § 3553(f) and USSG §§ 2D1.1(b)(18), 5C1.2(a).

3

Paul acknowledges that a defendant who possessed a weapon in connection with his offense is not applicable for a safety valve reduction. *See* USSG §§ 2D1.1(b)(18), 5C1.2(a); 18 U.S.C. § 3553(f). He argues, however, that the district court erred by assuming he was ineligible for the variance just because he received a weapon enhancement when, in fact, the safety valve reduction and the weapon enhancement require different burdens of proof. To rebut the weapon enhancement, Paul had to prove that it was "clearly improbable" that the gun and drugs were connected, but, to qualify for the safety valve reduction, Paul had to prove by a "preponderance of the evidence" that the gun and drugs were not connected. *Bolton*, 858 F.3d at 914. After a review of the record, we conclude that Paul did not meet either burden. Accordingly, even if we were to conclude that the district court erred, any error was harmless. *See id.* (finding harmless district court's failure to apply separate analyses to weapon enhancement and safety valve reduction).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4